IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>10 S. Howard Street<br>Third Floor<br>Baltimore, MD 21218<br><br>    Plaintiff,<br><br>v.<br><br>UPTOWN BAKE AND BREW, LLC<br>d/b/a UPTOWN BAKERS<br>5335 Kilmer Place<br>Hyattsville, MD 20781<br><br>    Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT AND<br>JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action instituted by the U.S. Equal Employment Opportunity Commission (the "Commission") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1964) et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 (1967) et seq. (the "ADEA"). The Commission alleges that William Brannum ("Mr. Brannum"), a professional baker of 40 years, was discriminated against on the basis of his race (black), age (63), and national origin (American) when Defendant Uptown Bake and Brew, LLC ("Defendant") terminated his employment. As stated with greater particularity below, the Commission alleges that Defendant terminated Mr. Brannum because he was the oldest employee, the only black employee, and one of the only bakers who was a native-born American; in tandem, Defendant retained less experienced and younger non-black foreign-born workers. As a result of this discriminatory treatment, Mr. Brannum suffered monetary

damages as well as emotional distress. The Commission further alleges that Defendant failed to post notices and file EEO-1 reports as required by law.

## JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (1991); and Section 7(c)(1) of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(c)(1), as amended.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADEA; it is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended; and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended.

4. At all relevant times, Defendant Uptown Bake and Brew, LLC, a Virginia Limited Liability Company with its principal place of business at 5335 Kilmer Place, Hyattsville Maryland 20781, has continuously been doing business in the State of Maryland, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42

U.S.C. § 2000e(b), (g), and (h), as amended; and Section 11(b), (e), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (e), (g), and (h), as amended.

### STATEMENT OF CLAIMS

### COUNT I

6. More than 30 days prior to the institution of this lawsuit, Mr. Brannum filed a charge with the Commission alleging that Defendant violated Title VII and the ADEA. All conditions precedent to this lawsuit have been fulfilled.

7. Since at least April of 2005, Defendant engaged in unlawful employment practices in its Hyattsville, Maryland facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1); and Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1); discriminating against Mr. Brannum on the basis of his race, national origin, and age as follows:

    a. Defendant devised a plan to decrease costs by making the breadmaking labor force exclusively Latino, exclusively foreign-born, and exclusively young.

    b. In executing this plan, Defendant targeted young, Latino, resident aliens for hire.

    c. In executing this plan, on or about October 13, 2005, Defendant terminated Mr. Brannum, an employee of 40 years with a favorable employment record. The effect of this action was to treat Mr. Brannum less favorably than his similarly situated co-workers because of his race, national origin, and race.

8. The effects of the practices complained of in paragraphs 7a through 7c have been to deprive Mr. Brannum of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, age, and national origin.

9. The unlawful employment practices complained of in paragraphs 7a through 7c were intentional.

10. The unlawful employment practices complained of in paragraphs 7a through 7c were done with malice or with reckless indifference to the federally protected rights of Mr. Brannum.

## COUNT II

11. Since at least 1991, Defendant has failed to post notices in its facilities describing employees' rights under federal law and providing contact information for the Commission to report illegal employment discrimination. This constitutes a violation of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a); Section 8 of the ADEA, 29 U.S.C. § 627; and Section 105 of the Americans with Disabilities Act, 42 U.S.C. § 12115 (1990).

12. The unlawful employment practices complained of in paragraph 11 were done willfully or with reckless disregard to federal law.

## COUNT III

13. Between 2002 and 2006, Defendant failed to file the "Employer Information Report EEO-1" reports, as required by Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.7 (1991).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in unlawful employment discrimination on the basis of race, national origin, or age.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to institute and carry out anti-discrimination policies and complaint procedures.

D. Order Defendant to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment, and retaliation.

E. Order Defendant to institute and carry out a training program which shall promote supervisor accountability, imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination. The training shall instruct all managers and supervisors to report any incidents and/or complaints of unfair discrimination, harassment, or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant to post equal employment opportunity notices in conspicuous locations at all of its facilities.

G. Order Defendant to comply with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.7 by filing EEO-1 employer information reports for 2002, 2003, 2004, 2005, 2006, and each year thereafter as may be required.

H. Order Defendant to make Mr. Brannum whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

I. Order Defendant to make Mr. Brannum whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7a through 7c, in amounts to be determined at trial.

J. Order Defendant to make Mr. Brannum whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7a through 7c, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

K. Grant such further relief as the Court deems necessary, proper, and in the public interest.

L. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its complaint.

Respectfully Submitted:


RONALD COOPER
General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, D.C. 20507


_____
JACQUELINE H. MCNAIR
Regional Attorney


_____
DEBRA LAWRENCE
Supervisory Trial Attorney


_____
JOHN ALVIN HENDERSON
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)